**CHRISTENSEN JAMES & MARTIN**
WESLEY J. SMITH, ESQ. (11871)
LAURA J. WOLFF, ESQ. (6869)
7440 W. Sahara Avenue
Las Vegas, Nevada 89117
Telephone: (702) 255-1718
Facsimile: (702) 255-0871
Email: wes@cjmlv.com, ljw@cjmlv.com
*Attorneys for Plaintiffs Boards of Trustees of the*
*Cement Masons and Plasterers Health & Welfare Trust, et al.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| BOARD OF TRUSTEES OF THE CEMENT MASONS AND PLASTERERS HEALTH AND WELFARE TRUST; BOARD OF TRUSTEES OF THE CEMENT MASONS AND PLASTERERS VACATION SAVINGS PLAN TRUST; BOARD OF TRUSTEES OF THE OPERATIVE PLASTERERS AND CEMENT MASONS INTERNATIONAL ASSOCIATION LOCAL 797 APPRENTICE AND JOURNEYMAN TRAINING TRUST, <br><br> Plaintiffs, <br> vs. <br><br> DIAMOND CONCRETE CUTTING, LLC, a Nevada limited liability company; DOES 1–10 & ROES 1–10, <br><br> Defendants. | CASE NO.: <br><br> **COMPLAINT FOR BREACH OF CONTRACT and INJUNCTIVE RELIEF** |

The Boards of Trustees Cement Masons and Plasterers Health and Welfare Trust, Cement Masons and Plasterers Vacation Savings Plan Trust, and Operative Plasterers and Cement Masons International Association Local 797 Apprentice and Journeyman Training Trust ("Trust Funds" or "Plaintiffs") allege as follows:

**JURISDICTION & VENUE**

1. This Court has jurisdiction of this case pursuant to Section 502(e)(1) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1132(e)(1), which grants the United States District Courts exclusive jurisdiction over civil actions brought by a fiduciary pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. §

1132(a)(3), to redress violations or enforce the terms of ERISA or an employee benefit plan governed by ERISA. Such jurisdiction exists without respect to the amount in controversy or the citizenship of the parties, as provided in Section 502(f) of ERISA, 29 U.S.C. § 1132(f).

2. This Court has jurisdiction of this case pursuant to Section 301(a) of the Labor Management Relations Act of 1947, as amended ("LMRA"), 29 U.S.C. § 185(a), which grants the United States District Courts original jurisdiction over suits for violation of contracts between an employer and labor organization in an industry affecting commerce, without respect to the amount in controversy or the citizenship of the parties.

3. To the extent this Complaint sets forth any state law claims, this Court has supplemental jurisdiction over those claims pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this Court pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), and Section 301(a) of the LMRA, 29 U.S.C. § 185(a), in that this is the Judicial District in which certain of the Plans are administered.

## PARTIES

5. Each of the Trust Funds is an express trust created pursuant to a written declaration of trust ("Trust Agreements") consistent with § 302(c) of the LRMA [29 U.S.C. § 186(c)], and each Trust Fund exists to provide employee benefits to participants under a "multiemployer plan," "employee benefit plan," "employee benefit pension plan," and/or "employee welfare benefit plan," as the case may be, within the meaning of ERISA, 29 U.S.C. §1002(37), (2) and (3), to which the Defendants named herein are required to make monetary contributions pursuant to the terms of the Apprentice Agreement, described below.

6. The Board of Trustees and the individual Trustees of each of the Trust Funds is a "named fiduciary," "plan administrator" and "plan sponsor" and each is an individual "fiduciary," within the meaning of 29 U.S.C. §§ 1102(a), 1002(16), & (21), with respect to collection of contributions due to the Trust Funds and related matters.

7. Diamond Concrete Cutting, LLC ("Diamond"), is a Nevada limited liability company doing business as a contractor in Nevada and an employer in an industry affecting

-2-

commerce within the meaning of 29 U.S.C. §§ 152(2), (6) and (7), 1002(5), (11) and (12).

8. The true names and capacities, whether partnership, individual, corporate, company, associate or otherwise of John Does 1-10, inclusive, and Roe Corporations 1-10, inclusive, are unknown to the Plaintiffs at this time and said Defendants are therefore sued by fictitious names. The Plaintiffs reserve the right to amend the Complaint to insert additional charging allegations, together with the true identities and capacities of these presently-unknown Defendants, when the same have been ascertained.

## **GENERAL ALLEGATIONS**

9. Diamond has been awarded bids on one or more Public Works Project(s), which meet the specifications of the Apprenticeship Utilization Act, Senate Bill 207 of the 2019 Nevada Legislative Session, as amended ("AUA"), which requires employment of Apprentices on Public Works Projects.

10. At all times material herein, Diamond was required to comply with the AUA on all state Public Works Projects by employing Apprentices as required by the AUA.

11. On September 28, 2021, Diamond, by and through its authorized representative, Ashley Yongue, executed an Apprentice Agreement with the Plaintiffs, agreeing to pay: (i) wages to the Apprentice, less authorized deductions, according to the Apprentice wage schedule set forth in the Apprenticeship Standards (Form 5910), including any scheduled increases, and (ii) fringe benefit contributions to certain employee benefit Trust Funds on behalf of the Apprentice, pursuant to the terms of the Trust Agreements creating them and the Apprenticeship Standards, including any scheduled increases.

12. Pursuant to the Apprentice Agreement, Diamond was to pay certain fringe benefit contributions to the Plaintiffs for each hour worked by the apprentice employees.

13. Plaintiffs are intended beneficiaries of the Apprentice Agreement as a result of the report and contribution obligations imposed therein.

14. By executing the Apprentice Agreement Diamond also agreed to be bound by the terms and provisions of the Trust Agreements utilized to create the Plaintiffs to which

CHRISTENSEN JAMES & MARTIN
7440 WEST SAHARA AVE., LAS VEGAS, NEVADA 89117
PH: (702) 255-1718 § FAX: (702) 255-0871

Diamond is required to submit reports and contributions, as well as the written policies adopted by the Boards of Trustees (the "Policies").

15. Pursuant to the Apprentice Agreement, Diamond agreed that if payment was late, or delinquent, Diamond would also pay interest, damages and costs of the late payment, pursuant to the terms of the Trust Agreements and Policies.

16. At all material times, Diamond was obligated by the terms of the Apprentice Agreement, Trust Agreements, and Policies to submit written reports to the Plaintiffs on a timely basis showing the identities of apprentice employees performing work covered by the Apprentice Agreement, and the number of hours worked by or paid to these apprentice employees. Further, Diamond promised to pay fringe benefit contributions to the Plaintiffs on a monthly basis and at specified rates for each hour worked by or paid to its apprentice employees for performance of labor covered by the Apprentice Agreement. Diamond's monthly reports and payment of contributions were and are due the last day of the month following the month in which the covered labor was performed and are delinquent if not remitted by the last day of the month.

17. Employer contributions are considered fund assets from the date they are due, whether or not they are actually paid, pursuant to the written terms of the Trust Agreements and Policies, and all such contributions must be held in trust by an employer until remitted to the Plaintiffs. Contributions that are deducted from wages are to be held in constructive trust by an employer. The employer contributions and wage deductions referred to herein are components of the apprentice employees' compensation and do not belong to the employer. To the extent Diamond holds such compensation, it does so as a trustee or a constructive trustee and it has a fiduciary duty to ensure that both employer contributions and wage deductions are properly and timely delivered to the Plaintiffs.

18. Pursuant to the Apprentice Agreement, Diamond was required to provide the Plaintiffs with monthly copies of: (i) the Public Works Project Certified Payroll Records; and (ii) the apprentice employees check-stubs showing hours worked, the hourly rate of pay, any

authorized deductions and net pay to the apprentice employees.

19. The Apprentice Agreement, Trust Agreements and Policies provide that the Plaintiffs may undertake reasonable inquiry, including audit, of an employer's records to verify an employer's compliance with its obligations to the Plaintiffs under the Apprentice Agreement. The United States Supreme Court has upheld a trust fund's right to audit the records of its contributing employers pursuant to the terms of the trust fund's written trust agreement. *Central States, Southeast & Southwest Areas Pension Fund v. Central Transport, Inc.*, 472 U.S. 559, 581 (1985). The Ninth Circuit Court of Appeals has determined that even if an employer did not sign a trust agreement, the employer is still subject to the trust fund's audit rights. *Santa Monica Culinary Welfare Fund v. Miramar Hotel Corp.*, 920 F.2d 1491, 1493–94 (9th Cir. 1990).

20. Diamond has the obligation under the Apprentice Agreement, Trust Agreements, Policies, and applicable law (29 U.S.C. § 1059) to keep and maintain payroll, wage, and other relevant records for work performed by its apprentice employees that will allow the Trusts to efficiently evaluate whether Diamond reported contributions accurately.

21. If Diamond does not keep and maintain records adequate and sufficient to readily identify all types and hours of work performed by all of its apprentice employees, then the Policies state that the Plaintiffs have a right to presume that all hours worked by any of Diamond's apprentice employees, concerning whom adequate and sufficient records are not kept or maintained, were work hours covered by the Apprentice Agreement requiring contributions to the Plaintiffs.

22. The Policies also state that the Trusts may apply such conversions and assumptions as they deem appropriate to determine the amount thus due and if there are no facts, records or information available then $100,000 in contributions shall be deemed due for each calendar year covered by the compliance audit review period.

23. Plaintiffs provided notice to Diamond that Berry & Co., a CPA firm that routinely handles employer payroll audits for the Plaintiffs, would be performing an audit of

Diamond's records for an audit for the period of October 1, 2021 to September 30, 2022.

24. Berry & Co. attempted to contact Diamond multiple times to obtain access to Diamond's records for the audit.

25. Despite notice to Diamond of the Trustees' desire to conduct this audit, and demands made to examine the records, Diamond has not made its records available, provided the requested documents, or otherwise responded to the Plaintiffs' requests.

26. Plaintiffs therefore bring this action to compel an audit for the period of October 1, 2021 through September 30, 2022 and to collect any amount deemed owed to the Trusts pursuant to the Apprentice Agreement, Trust Agreements, Policies, and 29 U.S.C. § 1132(g)(2), as determined by the audit.

27. Due to Diamond's failure to cooperate with the Plaintiffs' requests for an audit, Plaintiffs have been forced to retain legal counsel and incur substantial attorney's fees and costs to protect their rights under the Apprentice Agreement, Trust Agreements, Policies, and ERISA.

28. Because Diamond has breached the Apprentice Agreement and Trust Agreements by failing to cooperate with the Plaintiffs' requests for an audit, the Plaintiffs do not know if Diamond has accurately and properly remitted all contributions owed to the Plaintiffs as required by the Apprentice Agreement, Trust Agreements, Policies, and ERISA.

29. Because the extent of the contributions due and owing to the Plaintiffs cannot be determined until after Diamond submits its payroll and related records for an audit, Plaintiffs request this Court retain jurisdiction to award fringe benefit contributions owed and other amounts that may be due for interest and liquidated damages pursuant to the Apprentice Agreement, Trust Agreements, and 29 U.S.C. § 1132(g)(2), as determined by the audit. In ERISA cases like this case, courts may enter partial judgment for an audit and/or retain jurisdiction to adjust the final damages award following completion of the audit.

30. The Trust Agreements and Policies require that all legal fees, audit fees and all other costs incurred by the Plaintiffs to collect from a delinquent employer or to compel

an employer to cooperate with an audit authorized by the Plaintiffs be paid by the delinquent or non-cooperative employer.

## FIRST CAUSE OF ACTION

[Breach of Contract]

31. Plaintiffs restate and reallege the above allegations.

32. By the terms of the Apprentice Agreement, Trust Agreements, and Policies, Diamond was required to make its records available for an audit by the Plaintiffs.

33. Diamond has breached the terms of the Apprentice Agreement, Trust Agreements, and Policies by failing to provide requested records for an audit.

34. Pursuant to the Apprentice Agreement, Trust Agreements, and Policies, Plaintiffs are entitled to judgment against Diamond for breach of contract, an order directing Diamond to make its records available for an audit for the period of October 1, 2021 to September 30, 2022, and an award of all legal and auditing fees and costs incurred by the Plaintiffs as a result of Diamond's breach as described herein, whether incurred before or after litigation is commenced.

35. Pursuant to the Apprentice Agreement, Trust Agreements, Policies, and 29 U.S.C. § 1132(g)(2), to the extent that the audit determines that contributions are owed to the Plaintiffs, the Plaintiffs are entitled to an award of contributions calculated or measured by all hours of covered labor performed by Diamond's apprentice employees that have not previously been paid, plus interest at the contractual rate on all unpaid contributions from the dates the sums were originally due to the Plaintiffs to the date of judgment, an amount equal to the greater of interest or liquidated damages at the rates set forth in the Trust Agreements or otherwise allowed by law, reasonable attorney's fees, court costs, and auditing fees and costs incurred by the Plaintiffs as a result of the breaches described herein.

36. Upon entry of judgment, the Plaintiffs are entitled to post-judgment interest at the highest rate allowed by law. The amount of such interest will be established by proof at trial.

**SECOND CAUSE OF ACTION**

[Equitable & Injunctive Relief – 29 U.S.C. § 1132(a)(3) & 1132(g)(2)(E)]

37. Plaintiffs restate and reallege the above allegations.

38. 29 U.S.C. § 1132(a)(3) authorizes the Plaintiffs to bring this action: (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan.

39. 29 U.S.C. § 1132(g)(2)(E) authorizes the Court to award "such other legal or equitable relief as the court deems appropriate."

40. By failing to cooperate with the Plaintiffs' requests for an audit, Diamond has violated the terms of the Apprentice Agreement, Trust Agreements, and Policies.

41. The contract breaches and violations of ERISA identified above harm the Plaintiffs and place at risk their ability to provide required employee benefits to their beneficiaries.

42. The Plaintiffs' remedies at law are not sufficient to adequately compensate the Plaintiffs or their beneficiaries from past harm caused by said violations, or to protect them from the harm or threat of harm caused by similar future violations.

43. Plaintiffs are likely to prevail on the merits of their claims.

44. Pursuant to the Apprentice Agreement, Trust Agreement, Policies, and 29 U.S.C. § 1132(a)(3) and 1132(g)(2)(E), Plaintiffs are entitled to equitable and injunctive relief affirmatively compelling Diamond to submit and make its records available for an audit and pay to the Trusts all contributions and related damages determined to be due.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiffs pray for Judgment against Defendants, as follows:

1. For the Court's Order compelling Diamond to deliver or make available to the Plaintiffs all information and documents necessary to permit Plaintiffs' auditors to complete payroll compliance audits deemed necessary and proper by the Plaintiffs;

2. For the Court's Order enjoining Diamond from failing to fully cooperate with any audits deemed necessary and proper by the Plaintiffs, and from failing to timely pay to the Plaintiffs delinquent amounts discovered by audit or as otherwise incurred in the normal course of business;

3. For the Court's Order compelling Diamond to deliver to the Plaintiffs pertinent information and documents including but not limited to monthly remittance reports detailing all covered work performed, and payroll records confirming the hours worked by and/or the sums paid to all Diamond apprentice employees;

4. For the Court's Order affirmatively compelling Diamond to abide by the terms of the Apprentice Agreement, including but not limited to submitting and paying accurate monthly contribution remittance reports and contribution amounts to the Plaintiffs on a timely basis;

5. For the Court's Order enjoining Diamond from failing to timely pay the Plaintiffs future contribution amounts, as they become due;

6. For unpaid fringe benefits contributions in amounts to be proven at trial;

7. For damages for breach of contract and violation of ERISA in an amount to be proven at trial;

8. For liquidated damages in amounts to be proven at trial;

9. For accrued interest on all unpaid contributions and damages from their due dates until paid;

10. For Plaintiffs' audit costs in an amount to be proven at trial;

11. For Plaintiffs' reasonable attorneys' fees for having to bring this action to compel audit compliance, reporting compliance, and contribution recovery, with associated damages;

12. For Plaintiffs' costs of suit incurred herein;

13. For the Court to retain jurisdiction to award additional amounts that may be determined to be owed upon completion of the audit pursuant to the Apprentice Agreement,

1  Trust Agreements, Policies, and 29 U.S.C. § 1132(g)(2), including but not limited to unpaid
2  fringe benefit contributions, interest at the contractual rate on all unpaid contributions from
3  the dates the sums were originally due to the Plaintiffs to the date of judgment, an amount
4  equal to the greater of interest or liquidated damages at the rates set forth in the Trust
5  Agreements or otherwise allowed by law, reasonable attorney's fees, court costs, and
6  auditing fees and costs incurred by the Plaintiffs; and

      14.    For such additional relief as this Court may deem just and proper.

Dated this 25th day of July 2023.

CHRISTENSEN JAMES & MARTIN

By: /s/ *Laura J. Wolff*
Laura J. Wolff, Esq.
Nevada Bar No. 6869
Email: ljw@cjmlv.com
7440 W. Sahara Avenue
Las Vegas, Nevada 89117
Ph: (702) 255-1718
Fax: (702) 255-0871
*Attorneys for Plaintiffs Board of Trustees of the Cement Masons and Plasterers Health & Welfare Trust, et al.*